United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Robert D. Sassak,
               Debtor.
_____/

Case No. 09-56267-R
Chapter 7

Mark H. Shapiro, Chapter 7 Trustee,
               Plaintiff,

v.

Adv. No. 09-6121

Robert D. Sassak and Karen E. Sassak,
               Defendants.
_____/

Opinion

I.

On May 21, 2002, the defendants, Robert and Karen Sassak, opened a brokerage account with Comerica Securities. The application they submitted contained two boxes to indicate which type of account they were opening. One box stated, "Joint Tenants With Rights of Survivorship and not as tenants in common or as tenants by the entirety." The other box stated, "Tenants in Common." The "Joint Tenants" box was checked.

On March 19, 2009, the Sassaks opened another brokerage account with Comerica Securities. The account application also had boxes to indicate the manner in which the account was to be held. The Sassaks checked the box indicating that the account was to be held as "Joint - tenants in entirety." The funds from the Sassaks' first Comerica account were transferred into this account.

Robert Sassak filed for chapter 7 relief on May 22, 2009. On September 21, 2009, the trustee

filed this adversary proceeding against the Sassaks alleging that the debtor transferred his non-exempt one-half interest in the account to exempt entireties property. The trustee seeks to avoid the transfer as a fraudulent conveyance.

The Sassaks contend that the reason they filled out a new account application was to clarify that the account is owned by Robert and Karen Sassak, as husband and wife. The Sassaks assert that it was always their intent to hold the account jointly as husband and wife with all of the protections afforded by Michigan law. The Sassaks contend that the original application did not give them the option of choosing tenants by the entirety, however, by 2009 Comerica had revised their application form to properly indicate that accounts could be held as tenants by the entirety.

The Court conducted a trial on September 2, 2010. Following the presentation of the trustee's case, the Sassaks moved for dismissal. The Court granted the motion to dismiss. This opinion addresses the basis for the Court's dismissal of the complaint.

II.

Under Michigan law, there is a statutory presumption that certain types of personal property owned by spouses are held as tenants by the entirety. M.C.L. § 557.151. Such property is exempt from execution under a judgment entered against only one of the spouses. M.C.L. § 600.6023a.

M.C.L. § 557.151 provides:

> Sec. 1. All bonds, certificates of stock, mortgages, promissory notes, debentures, or other evidences of indebtedness hereafter made payable to persons who are husband and wife, or made payable to them as endorsees or assignees, or otherwise, shall be held by such husband and wife in joint tenancy unless otherwise therein expressly provided, in the same manner and subject to the same restrictions, consequences and conditions as are incident to the ownership of real estate held jointly by husband and wife under the laws of this state, with full right of ownership by survivorship in case of the death of either.

M.C.L. § 557.151.

> M.C.L. § 600.6023a provides:
>
> > Sec. 6023a. Property described in section 1 of 1927 PA 212, MCL 557.151, or real property, held jointly by a husband and wife as a tenancy by the entirety is exempt from execution under a judgment entered against only 1 spouse.

M.C.L. § 600.6023a.

In *DeYoung v. Mesler*, 130 N.W.2d 38 (Mich. 1964), the court concluded that spouses hold a debenture as tenants by the entirety unless an intent to do otherwise is affirmatively expressed. *See also Comm'r of IRS v. Hart*, 76 F.2d 864 (6th Cir. 1935):

> In Michigan, [the] common-law rule that a conveyance to husband and wife creates a tenancy by the entirety has persisted except in respect to conveyances explicitly indicating that some other kind of tenancy is intended. Even the qualifying phrase "as joint tenants," while sufficient to create a joint tenancy in a conveyance to grantees generally, does not avoid the creation of an estate by the entirety when the grantees stand in the marital relation to each other.

*Id*. at 865.

More recently, in *Zavradinos v. JTRB, Inc.*, 753 N.W.2d 60 (Mich. 2008), the court stated, "The *DeYoung* Court hypothesized that the only way to overcome the presumption in favor of tenancies by the entirety is to 'use the words "not as tenants by the entirety" when such is the intent of the conveyance.' This is certainly a clear way to overcome the presumption." *Id*. at 63.

Here, the original application specifically stated that the account was not held as tenants by the entirety. However, the testimony of both Robert and Karen Sassak demonstrated that such was not their intent. Indeed, the Court concludes that the Sassaks had no intent with regard to the manner in which the account was to be held. Neither party read the application in detail and neither party

recalls checking the box on the application.

Accordingly, the Court concludes that the presumption in favor of tenants by the entirety has not been overcome by evidence that the Sassaks intended otherwise.

Not for publication

**Signed on September 15, 2010**

                                                             **/s/ Steven Rhodes**
                                                          **Steven Rhodes**
                                                          **United States Bankruptcy Judge**